UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 8/21/96**

JAMES C. HOGAN,

      Petitioner-Appellant,

v.

ARISTEDES ZAVARAS; GALE
NORTON, Attorney General of Colorado,

      Respondents-Appellees.

No. 95-1502
(D.C. No. 95-B-2339)
(D. Colo.)

ORDER

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

This matter is before the court on Petitioner James C. Hogan's application for a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.[1]  We deny Petitioner's application and dismiss the appeal.

Petitioner, a convicted felon in the custody of the Colorado Department of Corrections, received two Code of Penal Discipline ("COPD") convictions.  Petitioner

---

[1]      Pursuant to Fed. R. App. P. 22(b), Petitioner requested a certificate of probable cause when he filed a notice of appeal in the district court on November 27, 1995.  We construe Petitioner's application for a certificate of probable cause as a request for a certificate of appealability under Title I, § 102 of the recently enacted Antiterrorist and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Lennox v. Evans, No. 96-6041, 1996 WL 343632, ___ F.3d ___ (10th Cir. June 24, 1996).

filed a § 2241 petition for a writ of habeas corpus in the district court challenging the COPD convictions and seeking restoration of good time credits, expungement of his record, and release on parole. As grounds for federal habeas relief, Petitioner alleged: (1) violation of his Fifth Amendment right against self-incrimination during a mental health therapy session; (2) violation of COPD rules during COPD hearings; (3) denial of his Sixth Amendment right to counsel during COPD hearings; and (4) that the loss of good time credits as a result of the COPD convictions amounted to double jeopardy under the Fifth Amendment. The magistrate judge analyzed Petitioner's contentions and recommended that the district court dismiss the petition for failure to exhaust state remedies. The district court reviewed Petitioner's objections to the magistrate's report, dismissed the petition, and denied Petitioner a certificate of appealability.

A petitioner convicted of a state crime may not appeal a federal district court's denial of habeas corpus relief unless the court of appeals or district court grants a certificate of appealability. Antiterrorist and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. 1, § 102, § 103, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)(1)(A), Fed. R. App. P. 22(b)). We will not grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." Id. § 102 (to be codified at 28 U.S.C. § 2253(c)(2)); see also Lennox, No. 96-6041, 1996 WL 343632 at *4.

We have reviewed the magistrate's report and recommendation, the district court's

order, Petitioner's brief and application for a certificate of appealability, and the entire record before us. We conclude that Petitioner has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set forth in the magistrate's report and recommendation and the district court's order. Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS the appeal.[2]

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2] We deny Petitioner's Motion to Strike Appellee's Answer Brief.