UNITED STATES COURT OF APPEALS
**Filed 12/16/96**TENTH CIRCUIT

TOMMY LEE CLEATON,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

Case No. 96-6208

(D.C. CIV-96-216-T)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

This matter is before the court on petitioner Tommy Lee Cleaton's application for

a certificate of appealability to appeal the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. In his habeas petition, Mr. Cleaton attacked his

conviction for driving under the influence on five grounds, including: the ineffective

assistance of three different attorneys who represented him at a preliminary hearing, at

trial, and on appeal; irreconcilable differences with his trial counsel; and the alleged

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

failure of the state trial court to instruct the jury on the lesser included offense of driving while intoxicated. The federal district court held that Mr. Cleaton had failed to show prejudice resulting from any of the alleged instances of ineffective assistance of counsel, and that he had procedurally defaulted his remaining claims. The district court also declined to issue a certificate of appealability under 28 U.S.C. § 2253 because it concluded that Mr. Cleaton had failed to make a substantial showing of the denial of a federal right.

We construe Mr. Cleaton's application for a certificate of probable cause as a request for a certificate of appealability under 28 U.S.C. § 2253(c). See Hogan v. Zavaras, 93 F.3d 711, 711 (10th Cir. 1996); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (holding that the requirement of a certificate of appealability applies to petitions pending on the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)), petition for cert. filed, Oct. 21, 1996. We conclude that the district court's determination was correct, and we deny the application for a certificate of appealability and dismiss the appeal.[1]

Assuming for the sake of argument that his attorneys' performance was deficient, Mr. Cleaton has not demonstrated that the outcome of his trial or appeal would have been

---

[1]    After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

different but for the deficiency. See Strickland v. Washington, 466 U.S. 668, 691-94 (1984). Mr. Cleaton has not shown that his testimony or a different strategy at the preliminary hearing would have resulted in the suppression of any evidence that was admitted at trial. Similarly, he has not demonstrated that, had his trial counsel presented the medical and impeachment evidence of which he says she was aware, this evidence would have left the jury with a logical, coherent, alternative view of the case. Nor has he alleged any tangible way in which the alleged irreconcilable differences with counsel prejudiced his defense, or that he was prejudiced by counsel's stipulation to his "after-formers." The record reflects that Mr. Cleaton's trial counsel informed the court of his desire for a continuance. Finally, the appellate counsel's decision to raise two issues on appeal was clearly within the bounds of professional competence required by the United States Constitution. See id.

We are also unconvinced by Mr. Cleaton's arguments in his application that the magistrate judge misinterpreted or ignored the trial record and that the district court did not reach all of his claims. The alleged departures from the record would not have undermined the conclusion that Mr. Cleaton was not prejudiced by his attorneys' performance. The magistrate's Report and Recommendation, which was adopted by the district court, thoroughly analyzed all of the issues raised in the petition. While the Report and Recommendation did not expressly discuss the claim of ineffective assistance of appellate counsel, that claim was implicitly rejected because it rested on the appellate

3

attorney's failure to raise the issue of ineffectiveness of Mr. Cleaton's other attorneys, an issue which was held to have no merit.

Because we agree with the district court that there is no merit to the various claims of ineffective assistance of counsel, and because Mr. Cleaton does not offer an alternative cause excusing his procedural default or argue that a fundamental miscarriage of justice will result from our failure to reach his other claims, we further agree that Mr. Cleaton has procedurally defaulted his other claims. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

We conclude that Mr. Cleaton has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore DENY the application for a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4