**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALFONSO DURAN,

Petitioner-Appellant,

v.

EDWARD L. EVANS,

Respondent-Appellee.

No. 97-6094
(D.C. No. 96-CV-898)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Alphonso Duran, appearing pro se, requests a certificate of appealability to appeal the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  We conclude Duran is not entitled to a certificate of appealability and dismiss his appeal.

Duran was convicted by a jury of possession of a controlled dangerous substance with intent to distribute, trafficking in illegal drugs, and maintaining a vehicle where a controlled dangerous substance was kept, and was sentenced to a total of fifty-five years' imprisonment.  He filed a direct appeal, which was rejected by the Oklahoma Court of Criminal Appeals.  He then filed an application for post-conviction relief.  The trial court denied relief and the Oklahoma Court of Criminal Appeals affirmed the denial.  His state remedies exhausted, Duran filed a petition for writ of habeas corpus in federal district court, which was denied.  He is now seeking permission to appeal the district court's denial of his habeas petition.

In his petition for writ of habeas corpus, Duran raised six grounds for relief.  Three related grounds alleged Duran's convictions were unconstitutional because they were based on evidence obtained (1) from a pretextual traffic stop,

---

[1] Although Duran's notice of appeal was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, he filed an outdated application for a certificate of probable cause which we construe as a request for a certificate of appealability under 28 U.S.C. § 2253(c).  See Hogan v. Zavaras, 93 F.3d 711 (10th Cir. 1996).

(2) through detention and investigation which exceeded the proper scope of a traffic stop, and (3) without his voluntary consent to search. The remaining three grounds alleged (4) his convictions violated the constitutional prohibition against double jeopardy and the Oklahoma statutory prohibition against multiple punishment, (5) because of his lack of knowledge of the English language, his consent to search was not knowing or voluntary, and (6) his appellate counsel was ineffective in failing to raise the issues in grounds (4) and (5) on direct appeal. After receiving the state's response to Duran's petition, the magistrate judge filed an extensive report and recommendation. In particular, the magistrate noted grounds (1) through (3) were raised in Duran's direct appeal and he was precluded from relitigating them in federal court via his habeas action. The magistrate also noted grounds (4) through (6) were raised in Duran's application for post-conviction relief and were procedurally barred because they could have been raised on direct appeal, because Duran failed to satisfy the cause and prejudice test with respect to those claims, and because Duran failed to make a colorable showing of actual innocence. The magistrate also concluded there was no merit to Duran's claim of ineffective assistance of appellate counsel, concluding even if grounds (4) and (5) had been raised on direct appeal, he would not have been entitled to relief. The district court fully adopted the magistrate's report and recommendation. The district court also found Duran had failed to make a

substantial showing of the denial of a constitutional right and denied a certificate of appealability.

We have held that the standard for granting a certificate of appealability under the Antiterrorism and Effective Death Penalty Act is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4. We conclude Duran has failed to satisfy this burden for substantially the same reasons set forth in the magistrate's report and recommendation dated October 16, 1996.

Duran's application for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge