**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES KECK,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 00-2192

(D.C. No. CIV-00-630-JP/RLP)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R.

Petitioner James Keck, a state prisoner proceeding pro se, seeks to appeal the district court's denial of his habeas corpus petition. Incarcerated in a private correctional facility in New Mexico, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Petitioner challenged his transfer to, and incarceration in, a private facility. As best as we can discern from his rambling petition, Petitioner claims his incarceration in a private facility violates various state laws as well as his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[1]

Respondent Wackenhut Corrections Corporation operates the Lea County Correctional Facility (LCCF) under a contract with Respondent Lea County, New Mexico. Petitioner alleges that the contract between the New Mexico Corrections Department and Lea County, as well as the contract between Lea County and Wackenhut, violates state law and his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment. Petitioner also alleges that the terms of the contracts violate his constitutional rights by

---

34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because the § 2241 petition in this case is nearly identical to those filed in Wolf v. Williams, No. 00-2127 (10th Cir., filed April 17, 2000), Seifert v. Williams, No. 00-2146 (10th Cir., filed May 1, 2000), Ayon v. Williams, No. 00-2161 (10th Cir., filed May 16, 2000), Martinez v. Williams, No. 00-2169 (10th Cir., filed May 22, 2000), our order and judgments in those cases are virtually identical to this one.

-2-

providing Lea County with an incentive to provide poor conditions and deny Petitioner good time credits. Further, Petitioner alleges that Wackenhut has detained Petitioner's "class members" past their release dates in an effort to increase profits under the contract. According to Petitioner, Lea County has breached the contracts by failing to ensure proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff.

In his § 2241 petition, Petitioner raises various additional state law claims. He claims that Respondents violated state law by failing to ensure LCCF met or exceeded corrections department standards. Further, Petitioner claims that the contracts violate state law because Lea County is not in the business of providing correctional jail services as contemplated by state law. Finally, Petitioner claims Respondents' conduct constitutes fraud, deceptive trade practices, and a pattern of racketeering, all in violation of state law.

A magistrate judge sua sponte issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. In his response, Petitioner claimed that exhaustion was not required because "Petitioner has raised claims implicating important state interests." Petitioner further claimed that the state waived the exhaustion requirement. Finally, Petitioner claimed that he would be prejudiced by exhaustion due to undue delay and futility

in the state court proceedings. After considering Petitioner's objections, the district court dismissed the petition without prejudice for failure to exhaust. The district court subsequently denied Petitioner's application for a certificate of appealability, noting that Petitioner failed to make the required showing under 28 U.S.C. § 2253(c)(2). We deny Petitioner's application for a certificate of appealability as well, and dismiss his appeal.

A state prisoner may appeal the denial of a § 2241 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a certificate of appealability to appeal the denial of a § 2241 petition). To obtain a certificate of appealability under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right. Id. § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). We conclude Petitioner has failed to make the required showing.

First, Petitioner's state law claims are not cognizable in a federal habeas action. See 28 U.S.C. § 2241(c)(3); Montez, 208 F.3d at 865. Further, to the extent Petitioner challenges his transfer per se to a private facility or his placement in the facility pursuant to contract, such a claim is not cognizable

-4-

under § 2241. See Montez, 208 F.3d at 865-66; accord Rael v. Williams, __ F.3d __, __, 2000 WL 1050091 (10th Cir. July 31, 2000) (fact that inmate is transferred to, or must reside in, a private prison does not raise a federal constitutional claim).[2] Finally, to the extent Petitioner raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999).

MOTION DENIED; APPEAL DISMISSED.[3]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2] We note that the district court did not have the benefit of our decision in Rael, which we decided after the district court dismissed the petition.

[3] See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996) (denying COA and dismissing appeal of district court's denial of § 2241 petition for failure to exhaust).