**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

**SEP 13 2000**

## TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

ROD J. HASSON,

     Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida Corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

     Respondents-Appellees.

No. 00-2206
(D.C. No. CIV-00-694-BB/WWD)
(New Mexico)

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Rod Hasson, a state prisoner proceeding pro se, seeks to appeal the district court's denial of his habeas corpus petition. Mr. Hasson is currently incarcerated in the Lea County Correctional Facility (LCCF), a private correctional facility in New Mexico. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his transfer to, and incarceration in, the LCCF. Mr. Hasson claims his incarceration in a private facility violates various state laws as well as his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[1]

Respondent Wackenhut Corrections Corporation (Wackenhut) operates the LCCF under a contract with Respondent Lea County, New Mexico. Mr. Hasson alleges that the contract between the New Mexico Corrections Department and Lea County, as well as the contract between Lea County and Wackenhut, violates state law and his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment. Mr. Hasson also alleges that the terms

---

[1]Because the 2241 petition in this case is nearly identical to those filed in *Keck v. Williams*, No. 00-2192, 2000 WL 1089503 (10th Cir. Aug. 4, 2000); *Wolf v. Williams*, No. 00-2127, 2000 WL 1089501 (10th Cir. Aug. 4, 2000); *Ayon v. Williams*, No. 00-2161, 2000 WL 1089499 (10th Cir. Aug. 4, 2000); *Seifert v. Williams*, No. 00-2146, 2000 WL 1089496 (10th Cir. Aug. 4, 2000), our order and judgments in those cases are virtually identical to this one.

of the contracts violate his constitutional rights by providing Lea County with an incentive to provide poor conditions and deny Mr. Hasson good time credits. Further, Mr. Hasson alleges that Wackenhut has detained his "class members" past their release dates in an effort to increase profits under the contract. According to Mr. Hasson, Lea County has breached the contracts by failing to ensure proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff.

In his section 2241 petition, Mr. Hasson raises various additional state law claims. He claims that Respondents violated state law by failing to ensure LCCF met or exceeded corrections department standards. Further, Mr. Hasson claims that the contracts violate state law because Lea County is not in the business of providing correctional jail services as contemplated by state law. Finally, he claims Respondents' conduct constitutes fraud, deceptive trade practices, and a pattern of racketeering, all in violation of state law.

A magistrate judge sua sponte issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. In his response, Mr. Hasson claimed that exhaustion was not required because he "has raised claims implicating important state interests." He also contended that the state waived the exhaustion requirement. Finally, Mr. Hasson argued that he would be prejudiced by exhaustion due to undue delay and futility in the state

court proceedings. After considering Mr. Hasson's objections, the district court dismissed the petition without prejudice for failure to exhaust. The district court subsequently denied Mr. Hasson's application for a certificate of appealability (COA). This appeal and application for COA followed.

A state prisoner may appeal the denial of a section 2241 petition only if "a circuit justice or judge" issues a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir.2000) (holding that a state prisoner must obtain a COA to appeal the denial of a section 2241 petition). To obtain a COA under section 2253(c), a habeas prisoner must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000). We conclude Mr. Hasson has failed to make the required showing.

First, Mr. Hasson's state law claims are not cognizable in a federal habeas action. *See* 28 U.S.C. § 2241(c)(3); *Montez*, 208 F.3d at 865. Further, to the extent Mr. Hasson challenges his transfer per se to a private facility or his placement in the facility pursuant to contract, such a claim is not cognizable under section 2241. *See Montez*, 208 F.3d at 865-66; *accord Rael v. Williams*, No. 00-2145, 2000 WL 1051845 (10th Cir. July 31, 2000) (fact that inmate is

transferred to, or must reside in, a private prison does not raise a federal constitutional claim).[2]  Finally, to the extent Mr. Hasson raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust.  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *accord Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir.1999).

Accordingly, We **DENY** Mr. Hasson's motion for COA and **DISMISS** his appeal.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2]We note that the district court did not have the benefit of our decision in *Rael*, which we decided after the district court dismissed the petition.

[3]*See Hogan v. Zavaras*, 93 F.3d 711, 712 (10th Cir. 1996) (denying COA and dismissing appeal of district court's denial of section 2241 petition for failure to exhaust).