**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DAVID CASERTA,

      Petitioner-Appellant,

v.

STEPHEN W. KAISER, Warden,

      Respondent-Appellee,

and

KENNETH GAGNE; MICALLA BALL;
TAYLOR CHANCELLOR; CORRECTIONS
CORPORATION OF AMERICA,

      Respondents.

No. 00-6108
(W.D. Okla.)
(D.Ct. No. 99-CV-916-L)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

_____

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

Appellant David Anthony Caserta, a state prisoner appearing *pro se*, appeals the district court's decision denying habeas relief as requested in his petition filed under "Title 18 [sic] § 2241 Through 2254." While the district court construed Mr. Caserta's petition as filed under 28 U.S.C. § 2254, we construe it as a petition filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than the validity of his sentence as required for filings under § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). We exercise jurisdiction under 28 U.S.C. § 2253(a), deny Mr. Caserta's application for a certificate of appealability,[1] and dismiss his appeal.

Mr. Caserta is serving a prison term under an Oklahoma state conviction. During his incarceration, prison officials served Mr. Caserta with a Misconduct Report alleging his involvement with approximately twenty-four other inmates in a riot and advising that unnamed prison officers positively identified him as one

---

[1] While a certificate of appealability is not necessary for a federal prisoner to proceed under § 2241, a state prisoner, like Mr. Caserta, must obtain a certificate of appealability to appeal the denial of a habeas petition whether such petition was filed pursuant to §§ 2254 or 2241. *See Montez*, 208 F.3d at 866-67, 869.

of the inmate involved in the riot. At the disciplinary hearing, Mr. Caserta pled not guilty. However, relying on the prison officers' identification of Mr. Caserta as a participant, the hearing officer found Mr. Caserta guilty. As a result, Mr. Caserta received a $200 fine, a thirty-day administrative segregation sentence, and loss of 730 days of earned credits he accrued toward his release.

The prison's facility head affirmed the disciplinary hearing officer's decision. Mr. Caserta then appealed to the Director of the prison for a final decision. In affirming the disciplinary hearing officer's finding of guilty, the Director/Designee stated, in part:

> A thorough investigation into the riot was completed and officers positively identified each inmate involved in the breaking of glass and televisions, yelling, and writing on walls. You were one of the inmates identified as a participant in the riot ....

Mr. Caserta then sought a writ of mandamus in the state district court. The district court denied his writ, finding Mr. Caserta "presented insufficient evidence" to support it. After receiving this adverse decision, Mr. Caserta unsuccessfully appealed to the Oklahoma Court of Criminal Appeals, which affirmed the state district court's decision.

Unsuccessful at the state level, Mr. Caserta filed his federal habeas

petition, in which he challenged the constitutionality of the state prison's

disciplinary proceeding but did not challenge his state conviction or sentence.

Specifically, Mr. Caserta's alleged the prison's disciplinary hearing denied him

due process because insufficient evidence supported the disciplinary hearing

officer's ruling, and he received no opportunity to confront the unnamed officer

who identified him.

In recommending denial of Mr. Caserta's petition, the magistrate judge

determined the record showed the disciplinary hearing officer did not prevent Mr.

Caserta from calling witnesses or presenting documentary evidence. The

magistrate judge further determined:

> [Mr. Caserta] was provided with a written statement of the evidence
> relied on and the reasons for the disciplinary action. The
> Disciplinary Hearing Actions form states that the decision was based
> on Petitioner's having been identified as a participant in the group
> disturbance. This statement constitutes "some evidence" to support
> the decision of the disciplinary hearing officer.

Following a review of the record and Mr. Caserta's objections to the magistrate

judge's Report and Recommendation, the district court adopted the Report and

Recommendation and denied Mr. Caserta's petition. The district court also

denied Mr. Caserta's application for a certificate of appealability.

On appeal, Mr. Caserta asserts "there is no evidence to sustain

[his] conviction." Mr. Caserta also requests a certificate of appealability. The State of Oklahoma did not file a brief with this court.

As previously noted, we construe Mr. Caserta's petition as arising under 28 U.S.C. § 2241 because he challenges the execution of his sentence based on his confinement to administrative segregation and the revocation of his good time credits following a prison disciplinary proceeding. *See Montez*, 208 F.3d at 865. We have previously determined issues concerning prison disciplinary proceedings, including revocation of good time credit, are properly adjudicated under 28 U.S.C. § 2241. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam). This determination applies to state as well as federal inmate claims. *Cf. Hogan v. Zavaras*, 93 F.3d 711, 711-12 (10th Cir. 1996) (dismissing state inmate's appeal of the denial of his § 2241 petition challenging the revocation of good time credits resulting from state prison disciplinary proceedings). Even though the district court considered Mr. Caserta's petition filed under § 2254, we find it unnecessary to remand to the district court for reconsideration of Mr. Caserta's claims under § 2241, as the legal reasoning the district court applied for denying the petition applies equally for the denial of a § 2241 petition. We review *de novo* the district court's legal conclusions in denying Mr. Caserta's § 2241 habeas

petition. *See Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998).

With this *de novo* standard in mind, we examine the legal reasoning behind the district court's denial of Mr. Caserta's petition. The Supreme Court recognizes that states may create a liberty interest protected by the Fourteenth Amendment right to due process, generally limited to "freedom from restraint, which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or "where the State's action will inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Assuming the revocation of Mr. Caserta's earned credits implicates a liberty interest because it will inevitably affect the duration of his sentence, we agree he cannot be denied "the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *See Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (quotation marks and citations omitted.) Due process in a prison disciplinary hearing requires a prisoner receive advance written notice of the charges against him, the right to call witnesses and present evidence in his own defense if doing so does not jeopardize institutional safety or correctional goals, and a written statement indicating the evidence relied on and the reasons supporting the disciplinary action. *See id.* While Mr. Caserta must be afforded these due process rights, the revocation of good time credits may be supported by

only "some evidence" in the record. *Id.* Moreover, the Supreme Court has held no right exists for prisoners to confront adverse witnesses in a prison disciplinary hearing, given that "[c]onfrontation and cross-examination present greater hazards to institutional interests." *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974).

In this case, the record clearly shows the hearing officer properly afforded Mr. Caserta his due process rights of advance written notice of the charges against him, the right to call witnesses and present evidence,[2] and a written statement of the evidence relied on and the reasons supporting the disciplinary action. Moreover, as the magistrate judge in this case concluded, the unnamed officers' statement that Mr. Caserta participated in the prison riot demonstrates "some evidence" existed to support his disciplinary sentence. Accordingly, we find nothing in the record showing the state and federal courts' adjudication of Mr. Caserta's claims was wrong or improper. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

In order for us to issue a certificate of appealability, Mr. Caserta must make "a substantial showing of the denial of a constitutional right," as required under

---

[2] The Oklahoma Court of Criminal Appeals pointed out Mr. Caserta never claimed the hearing officer denied him the right to call witnesses and present documentary evidence in his defense.

28 U.S.C. § 2253(c)(2). He fails to do so. Thus, for substantially the same reasons contained in the magistrate judge's October 25, 1999 Report and Recommendation, and the district court's December 30, 1999 Order, we deny Mr. Caserta's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge