**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIM HALL,

     Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

     Respondents - Appellees.

No. 00-2239
(D.C. No. CIV-00-717-JP)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tim Hall, appearing pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. While incarcerated in a private correctional facility in New Mexico, Hall filed the instant petition in United States District Court for the District of New Mexico challenging his transfer to, and incarceration in, a private facility. Construing his pro-se petition liberally, as we must under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Hall claims his incarceration in a private facility violates various state laws as well as his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[1] Because we conclude that Hall has not "made a substantial showing of the denial of a constitutional right," we decline to grant COA. 28 U.S.C. § 2253(c)(2).

Respondent Wackenhut Corrections Corporation operates the Lea County Correctional Facility ("LCCF") under a contract with respondent Lea County, New Mexico. Petitioner alleges that the contracts between the New Mexico Corrections Department and Lea County and between Lea County and Wackenhut violate state law and his constitutional rights to due process, equal protection

---

[1] Because the § 2241 petition in this case is nearly identical to those filed in Archuleta v. Williams, No. 00-2216 (10th Cir., filed July 24, 2000), and Davis v. Williams, No. 00-2250 (10th Cir., filed August 4, 2000), our orders and judgments in those cases are virtually identical to that in the instant case.

under the law, and freedom from cruel and unusual punishment. Petitioner also alleges that the terms of the contracts violate his constitutional rights by furnishing Lea County with an incentive to create poor conditions and deny petitioner good time credits. Further, petitioner alleges that Wackenhut has detained petitioner's "class members" past their release dates in an effort to increase profits under the contract. According to petitioner, Lea County has breached the contracts by failing to ensure proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff.

Petitioner also raises various additional state law claims. He claims respondents violated state law by failing to ensure LCCF met or exceeded corrections department standards. Further, petitioner claims that the contracts violate state law because Lea County is not in the business of providing correctional jail services as contemplated by state law. Finally, petitioner claims respondents' conduct constitutes fraud, deceptive trade practices, and a pattern of racketeering, all in violation of state law.

A magistrate judge sua sponte issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. In his response, petitioner claimed that exhaustion was not required because he has raised claims implicating important state interests. Petitioner further claimed that

the state waived the exhaustion requirement. Finally, petitioner claimed that he would be prejudiced by exhaustion due to undue delay and futility in the state court proceedings. After considering his objections, the district court dismissed the petition without prejudice for failure to exhaust. The district court subsequently denied his application for COA, noting petitioner failed to make the required showing under 28 U.S.C. § 2253(c)(2).[2]

We conclude petitioner has not made the required showing for COA such that reasonable jurists could debate whether the petition should have been resolved in a different manner. See Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). To begin with, petitioner's state law claims are not cognizable in a federal habeas action. See 28 U.S.C. § 2241(c)(3); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Furthermore, to the extent petitioner challenges his transfer to a private facility or his placement in the facility pursuant to contract,

---

[2] On appeal, petitioner claims he is barred from recourse to the state courts due to his failure to timely file an application for state post-conviction relief and therefore that requiring him to exhaust state remedies is futile. However, he did not raise that claim below in response to the magistrate judge's order to show cause, and the claim thus has been waived. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Petitioner raises no facts that would mandate departing from our ordinary rules of waiver. Whether petitioner's claims will ultimately be barred in the state courts, and whether his claims are procedurally barred for purposes of habeas review, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), are issues as to which the resolution is uncertain from the record before us. We leave resolution of those issues in the first instance to the state courts and the district court below.

such a claim is not cognizable under § 2241. See Montez, 208 F.3d at 866; accord Rael v. Williams, __ F.3d __, 2000 WL 1051845 (10th Cir. July 31, 2000) (holding the fact that an inmate is transferred to, or must reside in, a private prison does not raise a federal constitutional claim).[3] Finally, to the extent petitioner raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999). The application for a certificate of appealability is **DENIED**. This matter is **DISMISSED**.[4]

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] We note that the district court did not have the benefit of our decision in Rael, which we decided after the district court dismissed the petition.

[4] See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996) (denying COA and dismissing an appeal of the district court's denial of a § 2241 petition for failure to exhaust).