**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL L. DAVIS,

     Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY JOHNSON,
Governor, State of New Mexico;
ROBERT PERRY, Secretary of
Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT;
WACKENHUT CORRECTIONS
CORPORATION, a Florida corporation;
LEA COUNTY, NEW MEXICO;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 00-2250
(D.C. No. CIV-00-198-LH/DJS)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Phil Davis, appearing pro se, seeks a certificate of appealability ("COA") pursuant

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

to 28 U.S.C. § 2253(c) to challenge the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. While incarcerated in a private correctional facility in New Mexico, Davis filed the instant petition in United States District Court for the District of New Mexico challenging his transfer to, and incarceration in, a private facility. Construing his pro-se petition liberally, as we must under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Davis claims his incarceration in a private facility violates various state laws as well as his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[1] Because we conclude that Davis has not "made a substantial showing of the denial of a constitutional right," we decline to grant COA. 28 U.S.C. § 2253(c)(2).

Respondent Wackenhut Corrections Corporation operates the Lea County Correctional Facility ("LCCF") under a contract with respondent Lea County, New Mexico. Petitioner alleges that the contracts between the New Mexico Corrections Department and Lea County and between Lea County and Wackenhut violate state law and his constitutional rights to due process, equal protection under the law, and freedom from cruel and unusual punishment. Petitioner also alleges that the terms of the contracts violate his constitutional rights by furnishing Lea County with an incentive to create poor

---

[1] Because the § 2241 petition in this case is nearly identical to those filed in Archuleta v. Williams, No. 00-2216 (10th Cir., filed July 24, 2000), and Hall v. Williams, No. 00-2239 (10th Cir., filed August 28, 2000), our orders and judgments in those cases are virtually identical to that in the instant case.

2

conditions and deny petitioner good time credits.  Further, petitioner alleges that Wackenhut has detained petitioner's "class members" past their release dates in an effort to increase profits under the contract.  According to petitioner, Lea County has breached the contracts by failing to ensure proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff.

Petitioner also raises various additional state law claims.  He claims respondents violated state law by failing to ensure LCCF met or exceeded corrections department standards.  Further, petitioner claims that the contracts violate state law because Lea County is not in the business of providing correctional jail services as contemplated by state law.  Finally, petitioner claims respondents' conduct constitutes fraud, deceptive trade practices, and a pattern of racketeering, all in violation of state law.

A magistrate judge sua sponte issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies.  In his response, petitioner claimed that exhaustion was not required because he has raised claims implicating important state interests.  Petitioner further claimed that the state waived the exhaustion requirement.  Finally, petitioner claimed that he would be prejudiced by exhaustion due to undue delay and futility in the state court proceedings.  After considering his objections, the district court dismissed the petition without prejudice for failure to exhaust.  The district court subsequently denied his application for COA, noting petitioner failed to make the required showing under 28 U.S.C. § 2253(c)(2).

3

We conclude petitioner has not made the required showing for COA such that reasonable jurists could debate whether the petition should have been resolved in a different manner. See Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). To begin with, petitioner's state law claims are not cognizable in a federal habeas action. See 28 U.S.C. § 2241(c)(3); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Furthermore, to the extent petitioner challenges his transfer to a private facility or his placement in the facility pursuant to contract, such a claim is not cognizable under § 2241. See Montez, 208 F.3d at 866; accord Rael v. Williams, __ F.3d __, 2000 WL 1051845 (10th Cir. July 31, 2000) (holding the fact that an inmate is transferred to, or must reside in, a private prison does not raise a federal constitutional claim).[2] Finally, to the extent petitioner raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999).

The application for a certificate of appealability is **DENIED**. This matter is

---

[2] We note that the district court did not have the benefit of our decision in Rael, which we decided after the district court dismissed the petition.

4

**DISMISSED**.[3]

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996) (denying COA and dismissing an appeal of the district court's denial of a § 2241 petition for failure to exhaust).