**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ANDY RAEL,

      Plaintiff - Appellant,

vs.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida Corporation; LEA COUNTY,
New Mexico; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Defendants - Appellees.

No. 00-2145

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-00-0299-LH/WWD)

---

Submitted on the briefs:[*]

Andy Rael, pro se.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

**KELLY**, Circuit Judge.

Plaintiff-Appellant, Andy Rael, appeals the dismissal, without prejudice, of his habeas corpus action brought pursuant to 28 U.S.C. §2241 for failure to exhaust state court remedies. We grant a certificate of appealability and affirm the judgment as modified.

Mr. Rael challenges his incarceration in a privately-run prison facility in Lea County, New Mexico (LCCF), on the grounds that it violates his constitutional rights. Specifically, Mr. Rael alleges violations of his rights to due process, equal protection, and the right to be free from cruel and unusual punishment pursuant to Article II, §18 of the New Mexico Constitution and the First, Eighth, and Fourteenth Amendments to the United States Constitution.

Mr. Rael claims that he is a third-party beneficiary of the contract between the New Mexico Corrections Department (NMCD) and Lea County, as well as the contract between Lea County and Wackenhut Corrections Corporation ("Wackenhut"). He claims that his constitutional rights have been violated because Lea County and Wackenhut have breached these contracts by failing to ensure the proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff. Mr. Rael alleges

that, as a result of these breaches, he has suffered serious and irreparable harm and is therefore entitled to relief on the grounds that the Defendants, Governor Gary Johnson, Secretary of Corrections Robert Perry, and the NMCD, violated the terms of N.M. Stat. Ann. § 31-20-2(G) (Michie 1994 Repl. Pamp.) by failing to adequately comply with NMCD standards for housing inmates at LCCF. Finally, Mr. Rael claims that Lea County is not "in the business of providing correctional or jail services to government entities." Thus, he believes that the Lea County contract to provide such services violates N.M. Stat. Ann. §33-1-17(B) (Michie 1998 Repl. Pamp.) and also infringes upon his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution.

In Montez v McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000), the court held that a habeas petition challenging a transfer to a privately run prison may be cognizable under § 2241, but rejected such a challenge on the merits without allowing exhaustion, relying upon 28 U.S.C. § 2254(b)(2) as analogous authority. Not at issue in Montez were the conditions of confinement in the private prisons. See id. at 866 n.4 . The court further held that a certificate of appealability was required for a § 2241 appeal. See Montez, 208 F.3d at 866-69.

We believe the same result is indicated here. Petitioner has raised a variety of state law claims that are not cognizable in habeas. See Montez, 208 F.3d at 865. Though the Supreme Court has not set the precise boundaries of habeas

- 3 -

actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). We have endorsed this distinction and have recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (distinguishing between § 2241 actions and conditions of confinement suits); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (same); Merritt v. Pugh, No. 00-1129, 2000 WL 770577, at * 1 (10th Cir. June 15, 2000) (unpublished) (conditions of confinement claim not properly brought under § 2241); Thompson v. True, No. 97-3275, 1998 WL 536383, at *1 (10th Cir. Aug. 18, 1998) (unpublished) (same); Murphy v. Brooks, No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec. 31, 1997) (unpublished) (same); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (same as to § 2255).

Under Montez, the fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241. See Montez, 208 F.3d at 866 n.4; Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999). Thus, this claim should be dismissed with prejudice; exhaustion of state court remedies is not required. See Montez, 208 F.3d at 866 (relying on policy of § 2254(b)(2)).

In view of the foregoing, we GRANT a certificate of appealability, and AFFIRM the judgment of the district court as modified to dismiss the claim cognizable under § 2241 with prejudice; all other claims contained in the petition are dismissed without prejudice.