F I L E D
United States Court of Appeals
Tenth Circuit

SEP 13 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE MICHAEL SEDILLO,

     Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

     Respondents-Appellees.

No. 00-2142
(D.C. No. CIV-00-324-LH)
(Dist. N.M.)

---

**ORDER AND JUDGMENT**

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.[1]

The facts and issues in this case are identical to those in *Rael v. Williams*, ___ F.3d ___, 2000 WL 1051845 (10th Cir. July 31, 2000). Petitioner is an inmate appearing *pro se* and *in forma pauperis*. In his 28 U.S.C. § 2254 petition for habeas corpus relief, he challenged his transfer from a New Mexico state-run prison facility to a private prison facility, and he also challenged the conditions of his confinement. He raised both federal constitutional claims and state claims. He sought an order vacating his conviction and sentence and release from incarceration. Construing the petition as one brought pursuant to 28 U.S.C. § 2241, the district court dismissed the petition without prejudice for failure to exhaust state remedies and subsequently declined to issue a certificate of appealability.

The district court correctly construed this *pro se* petition as having been filed pursuant to § 2241 rather than § 2254. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). A state prisoner may appeal denial of a § 2241 petition only upon issuance of a certificate of appealability.

---

[1]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). A certificate of appealability shall issue upon a substantial showing of the denial of a constitutional right. *Id.* at 869; 28 U.S.C. § 2253(c)(2). Here there is no such showing, and accordingly we deny the application for a certificate of appealability.

Petitioner's claims of improper transfer do not raise a federal constitutional claim. *See Montez* at 865-66 & n. 4. His claims of improper conditions of confinement do not state a claim under § 2241.[2] And, his claims of violation of state law similarly are not cognizable in a federal habeas action. *See* 28 U.S.C. § 2241(c)(3); *Montez* at 865.

We DENY petitioner's application for certificate of appealability and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]Claims challenging the conditions of confinement are more properly brought under 42 U.S.C. § 1983, which is not a claim petitioner has asserted in this action.