**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MICHAEL STARNES,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida Corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 00-2254

(D.C. No. CIV-00-600-JP/RLP)
(D.N.M.)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , Chief Judge,  **EBEL** and **BRISCOE,**  Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Starnes, a state inmate appearing pro se and in forma pauperis, seeks a certificate of appealability to appeal the district court's dismissal of his habeas corpus action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny a certificate of appealability, and dismiss the appeal.

The facts and issues in this case are identical to those in Rael v. Williams, 2000 WL 1051845 (10th Cir. July 31, 2000). Starnes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging, on federal constitutional and state law grounds, his transfer to and incarceration in a privately-run prison facility in Lea County, New Mexico. The district court dismissed the petition without prejudice due to Starnes' failure to exhaust state court remedies.

A state prisoner may appeal the denial of a § 2241 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a certificate of appealability under § 2253(c), a habeas prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 120

2

S. Ct. 1595, 1603-04 (2000).

Starnes has failed to make this showing. First, his state law claims are not cognizable in a federal habeas action. <u>See</u> 28 U.S.C. § 2241(c)(3); <u>Rael</u>, 2000 WL 1051845 at *1; <u>Montez</u>, 208 F.3d at 865. To the extent he challenges his transfer per se to a private facility or his placement in the facility pursuant to contract, such a claim is not cognizable under section 2241. <u>See</u> <u>Rael</u>, 2000 WL 1051845, at *1; <u>Montez</u>, 208 F.3d at 865-66. Finally, even if Starnes raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); <u>accord</u> <u>Brown v. Shanks</u>, 185 F.3d 1122, 1124 (10th Cir. 1999).

We DENY Starnes' request for a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3