**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL CLAYPOOL,

      Petitioner-Appellant,

v.

MARK McKINNA,

      Respondent-Appellee.

No. 00-1300

(D.C. No. 00-Z-1098)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner Randall Claypool, proceeding pro se, appeals the district court's order

dismissing his federal habeas complaint. Petitioner was originally incarcerated in

Washington State and later transferred to Crowley County Correctional Facility, a private

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

correctional facility in Colorado.[1]  Petitioner filed a petition for habeas corpus in district court pursuant to 28 U.S.C. § 2241.  In his petition, Petitioner challenges, on federal constitutional and state law grounds, his transfer to and incarceration in the private facility.  Petitioner also argues that the transfer resulted in the State of Washington losing jurisdiction over him and, therefore, he should be released.  The district court denied his claims and his request for a certificate of appealability.  In addition, although Petitioner failed to raise the issue in the district court, he argues the district court judge erred in failing to recuse herself from the case.  We deny a certificate of appealability and dismiss the appeal.

A state prisoner may appeal the denial of a § 2241 petition only if  a "a circuit justice or judge" issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a certificate of appealability to appeal the denial of a § 2241 petition).  The district court denied Petitioner's request for a certificate of appealability.  Therefore, we construe Petitioner's notice of appeal as a renewed application for a certificate of appealability.  See Fed. R. App. P. 22(b)(2).  In determining whether a certificate of appealability should issue, we must decide whether Petitioner has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing requires a demonstration

---

[1]  Since Petitioner filed his initial petition, he has been transferred back to a Washington state prison.

that reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000). We conclude Petitioner has failed to make the required showing.

"[A]n interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." Olim v. Wakinekona, 461 U.S. 238, 248 (1983). The constitution and federal law likewise do not per se prohibit interstate transfers. See Montez, 208 F.3d at 865-66. "Moreover, there is no federal constitutional right to incarceration in any particular prison." Id. at 866; Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (fact that a state prison inmate is transferred to, or must reside in, a privately operated prison, simply does not raise a federal constitutional claim).

Petitioner's argument that the State of Washington lost jurisdiction over him also lacks merit. "Criminal jurisdiction over a state's inhabitants remains with the respective states and territories under whose jurisdiction the prisoners were originally sentenced." Blango v. Thornburgh, 942 F.2d 1487, 1490 (10th Cir. 1991). Finally, Petitioner's state law claims are not cognizable in a federal habeas action. See 28 U.S.C. § 2241(c)(3); Montez, 208 F.3d at 865.

Petitioner also argues that the district court judge erred in failing to recuse herself from the case. A federal judge must recuse herself "in any proceeding in which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). The court must decide

3

"whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations omitted). Petitioner accuses the district court of bias because the judge (1) "receives funds from private prison corporations for the sole purpose of using her position . . . to further the business goals and interests of the corporation" and (2) uses her position "to promote the national sociolistic [sic] ideals of Adolf Hitler." These accusations, however, are merely bald assertions for which Petitioner has offered no evidence. Nothing in the district court's rulings in this case provides a reasonable basis from which to infer impartiality.

Accordingly, we DENY Petitioner's request for a certificate of appealability and DISMISS this appeal. Petitioner's application to proceed on appeal in forma pauperis is DENIED.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4