**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICKY TYREE,

      Petitioner - Appellant,

v.

BOBBY BOONE, Warden,

      Respondent - Appellee.

No. 01-7126
(D.C. No. 01-CV-279-SX)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Mr. Tyree seeks to appeal the district court's dismissal of his habeas petition pursuant to 28 U.S.C. § 2241. In addition to conditions of confinement claims based upon double celling, overcrowding and denial of access to the courts, his petition claimed that the Oklahoma courts' denial of postconviction relief amounted to a denial of due process and that a new prison policy was being

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

applied to his sentence in violation of the Ex Post Facto Clause. R. Doc. 2. The district court directed Mr. Tyree to amend his complaint to address only challenges to the execution of his sentence, R. Doc. 4. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (noting that § 2241 "is not an additional, alternative, or supplemental remedy"). When Mr. Tyree did not file an amended petition, the district court entered a minute order dismissing his petition for failure to file a proper amended complaint. R. Doc. 5. The minute order did not indicate whether the dismissal was with or without prejudice.

On appeal, Mr. Tyree argues that § 2254 remedies are inadequate or ineffective,[1] in part because of the one-year limitation period, but that same limitation period applies to habeas claims under § 2241 See 28 U.S.C. § 2244(d)(1). Moreover, § 2241 may not be used to evade the requirements of § 2254. See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) (§ 2241 could not be used to evade the limitation on second or successive § 2254 petitions). As a general rule, challenges to the fact or duration of imprisonment are cognizable under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Federal claims concerning the conditions of confinement are more

---

[1] The "inadequate or ineffective" requirement comes from 28 U.S.C. § 2255. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

properly brought pursuant to 42 U.S.C. § 1983, not 28 U.S.C. § 2241. <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1083 (2001).

A district court has power to dismiss a case with prejudice for failure to prosecute or failure to comply with a court order. <u>See</u> Fed. R. Civ. P. 41(b). We believe the substance of the dismissal in this case, however, was a failure to allege claims cognizable under § 2241. <u>See</u> <u>Trujillo v. Colorado</u>, 649 F.2d 823, 825 (10th Cir. 1981) (citing <u>Mann v. Merrill Lynch, Pierce, Fenner & Smith</u>, 488 F.2d 75, 76 (5th Cir. 1973) (per curiam) ("Since the original action was dismissed basically because requisite jurisdictional allegations were missing, and not because Mann disobeyed the Court, that dismissal does not operate as an adjudication upon the merits.")). Accordingly, we interpret the dismissal as one with prejudice insofar as the § 2241 jurisdictional issue, but without prejudice as to the other claims raised in the petition for which there was no ruling on the merits. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000); <u>Rael</u>, 223 F.3d at 1154-55.

So interpreted, we conclude that Mr. Tyree has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).  We DENY Mr.

Tyree a certificate of appealability ("COA") and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge