**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN H. MAHORNEY,

      Petitioner-Appellant,

v.

ELVIS HIGHTOWER,

      Respondent-Appellee.

No. 01-6396
(Western District of Oklahoma)
(D.C. No. 01-CV-576-L)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on John Mahorney's requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*. Mahorney

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. §

2241 habeas petition.[1] *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal

may be taken from a "final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a state court" unless the

petitioner first obtains a COA); *Montez v. McKinna*, 208 F.2d 862, 867 (10th Cir.

2000) (holding that state prisoners proceeding under § 2241 cannot appeal

adverse district court judgments without first obtaining a COA). In his petition,

Mahorney asserted that the legal effect of Oklahoma's act of transferring him to a

privately run prison facility was the commutation of his sentence to time served.

He asserted, therefore, that he was entitled to immediate release. The district

court concluded that Mahorney's claims were clearly foreclosed by binding Tenth

Circuit precedent. *See Montez*, 208 F.3d at 865-66 & n.3 (holding that an

interstate transfer to a private prison does not state a claim for relief under §

2241); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("Under *Montez*,

the fact that an inmate is transferred to, or must reside in a private prison, simply

does not raise a federal constitutional claim, though it may be raised procedurally

under § 2241."). To obtain a COA, Mahorney must make "a substantial showing

---

[1]Although Mahorney's petition was styled as arising under 28 U.S.C. §
2254, the district court recognized that § 2241 was the proper procedural vehicle
to bring the claims asserted in Mahorney's petition, *see Montez v. McKinna*, 208
F.3d 862, 865 (10th Cir. 2000), and treated the petition as arising under § 2241.

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because, as noted by the district court, Mahorney's claims are clearly foreclosed by *Montez* and *Rael*, he cannot make the requisite showing. Accordingly, this court **DENIES** Mahorney's request for a COA, **DENIES** his request to proceed *in forma pauperis*, and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge