**484**

■

**Alphonso Dwane FRAZIER, Sr., Plaintiff–Appellant,**

v.

**Gary JOHNSON, Governor, State of New Mexico; Robert J. Perry, Secretary of Corrections; State of New Mexico; and New Mexico Department of Corrections, Defendants–Appellees.**

No. 01–2323.

United States Court of Appeals, Tenth Circuit.

April 25, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

In appealing from the district court's dismissal of his § 1983 suit, Plaintiff–Appellant Alphonso Dwane Frazier raises two issues, both of which are based on his assertion that his incarceration in the Lea County Correctional Facility violates a New Mexico state statute governing the placement of prisoners. *See* N.M. Stat. § 31–20–2. Perhaps recognizing that the violation of a state statute is not cognizable under § 1983, Frazier argues that his incarceration in a county facility administered by a private company, rather than a state facility, violates his due process and equal protection rights. We can perceive no federal constitutional component to this claim, *see Rael v. Williams*, 223 F.3d 1153,

1154 (10th Cir.2000) ("[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim . . . ."), *cert. denied*, 531 U.S. 1083, 121 S.Ct. 787, 148 L.Ed.2d 683 (2001), nor the implication of any other federal right, *see Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999) ("A prisoner has a legally protected interest in the conduct of his keeper, not in the keeper's identity."). Whether the State of New Mexico is permitted to contract with a county for the incarceration of state prisoners is purely a matter to be resolved under state law.

We therefore AFFIRM the district court's dismissal of this suit. Frazier's motions for reconsideration are DENIED. Payment of the filing fee is due within ten days of the date of this order.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.