**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT CHARLES MOORE;
RONALD L. BEACHUM,

      Plaintiffs - Appellants,

v.

GARY JOHNSON, Governor, State
of New Mexico; ROBERT PERRY,
Secretary of Corrections; KEN
BATSON, Lea County Commissioner;
JOE R. WILLIAMS, Senior Warden,
Lea County Corrections Facility;
SANDRA MCFADDEN, Programs
Warden, Lea County Corrections
Facility; BARRY HERTZOG, Security
Warden, Lea County Corrections
Facility; PATRICK SNEDEKER,
Security Warden, Lea County
Corrections Facility; LINDA BRAUX,
Librarian, Lea County Corrections
Facility; CURTIS LANDRUM, Former
Job Coordinator, Lea County
Corrections Facility; CATHERLINE
BRYANT, Job Coordinator, Lea
County Corrections Facility; MARK
DONATELLI, Attorney;
WACKENHUT CORRECTIONS
CORPORATION; MICHAEL
MARTIN, Chief of Security, Lea
County Corrections Facility; LEA
COUNTY, NEW MEXICO,

      Defendants - Appellees.

No. 02-2012
D.C. No. CIV-01-695-MV/JDS
(D. New Mexico)

**ORDER AND JUDGMENT** [*]

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Robert Charles Moore and Ronald Lee Beachum appeal from the district court's rejection of their "Objection and Partial Compliance to Court's Memorandum, Opinion, and Order," which the district court properly construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  Appellants appeal their claim that the State of New Mexico violated their rights by entering into a contract with Lee County to house state prisoners in violation of the New Mexico Procurement Code.  The district court previously entered a dismissal of appellants' complaint for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

"We review the disposition of Rule 60(b) motions for an abuse of discretion. Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1181 (10th Cir. 2000). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Rule 60(b) is not intended to be a substitute for a direct appeal. Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000).

We agree with the district court that there is no federal constitutional component to this claim, see Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) ("[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim . . . ."), cert. denied, 531 U.S. 1083 (2001), and that this claim does not implicate any other federal right, see Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (noting that "there is no federal constitutional right to incarceration in any particular prison or portion of a prison"); cf. Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) ("A prisoner has a legally protected interest in the conduct of his keeper, not in the keeper's identity."). Whether the State of New Mexico is permitted to enter into a contract with a county for the incarceration of state prisoners is purely a matter to be resolved under state law.

We therefore AFFIRM the district court's dismissal of this suit. The appellants' outstanding motion to disregard appellees' brief, motion to have appellants' legal materials returned to them, motion for summary disposition, and motion opposing appellees' representation by the New Mexico Office of the Attorney General are DENIED. Appellants are reminded that they are obligated to continue making partial payments on their filing fees until they are paid in full.

Entered for the Court,


Robert H. Henry
Circuit Judge