**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARSALAN RIZVI and ARMOGHAN
RIZVI,

　　　　Petitioners-Appellants,

v.

MICHAEL COMFORT, District
Director, Immigration and
Naturalization Service (INS), Denver,
Colorado; JOHN ASHCROFT,
Attorney General, Department of
Justice (DOJ), United States,

　　　　Respondents-Appellees.

No. 02-1168

(D.C. No. 01-N-2477)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is therefore submitted without

oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a pro se federal prisoner 28 U.S.C. § 2241 appeal. Petitioners are brothers and native citizens of Pakistan. They were detained by the INS after the September 11, 2001, terrorist attacks for various immigration violations. Petitioners filed this § 2241 petition and a motion for a temporary restraining order claiming that they were denied religious services while in INS custody. After the TRO was filed, Respondent allowed the brothers to attend religious services on alternate days. Petitioners sought attorney fees and costs. Respondents argued that the petition should have been brought as a <u>Bivens</u> action rather than as a § 2241 petition. The district court dismissed the petition for want of subject matter jurisdiction. This appeal followed.

We review *de novo* a district court's dismissal for lack of jurisdiction of a § 2241 application for a writ of habeas corpus. <u>Williams v. United States</u>, 957 F.2d 742, 743 (10th Cir. 1992). The district court correctly held that it lacked subject matter jurisdiction to consider the habeas petition because Appellants were using §2241 to challenge the conditions of their confinement. Section 2241 does not provide jurisdiction over claims attacking prison conditions. <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997) (distinguishing between § 2241 actions and conditions of confinement suits); <u>see also</u> <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000). Petitioners have failed to provide any legal authority that distinguishes their case from the above

precedent.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge