F I L E D
**United States Court of Appeals
Tenth Circuit**

**June 16, 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD GENE PATSCHECK,

    Petitioner - Appellant,

v.

PATRICK SNEDEKER, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 04-2243
(D. New Mexico)
(D.Ct. No. CIV-03-990 JP/KBM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Richard Patscheck, a state prisoner proceeding *pro se,*[1] applies for a

---

[1] We liberally construe Patscheck's pro se pleadings and submissions. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2241 habeas petition.[2]  The district court determined his claims were foreclosed by our holding in *Rael v. Williams*, 223 F.3d 1153 (10th Cir. 2000). There being no basis for an appeal, we too deny Patscheck's application for a COA.

In 1999, Patscheck was transferred from the state prison in southern New Mexico to the Lea County Correctional Facility.  Patscheck now claims his incarceration at the Lea County facility violated his constitutional rights under the Fourth, Eighth and Fourteenth Amendments because the facility was allegedly an "illegal jail" in violation of N.M. STAT. ANN. § 33-3-3 (1999).  (Appellant's Br. at 2C.)

The issuance of a COA is jurisdictional.  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the

---

[2] The district court opened this action as a 28 U.S.C. § 2254 petition.  Upon noting that Patscheck had already filed a § 2254 petition, the district court transferred the petition to this Court for a ruling to determine whether he had permission to file a second and successive § 2254 petition.  This Court, in appeal No. 03-2237, ruled that Patscheck's petition fell under § 2241 rather than § 2254, vacated the order of transfer and remanded to the district court for further proceedings.  On remand, the district court dismissed his claims under § 2241 with prejudice and dismissed without prejudice his claims of unconstitutional conditions of confinement.

habeas petition and a general assessment of their merits." *Miller-El,* 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Patscheck is not required to prove the merits of his case to obtain a COA. However, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (internal quotation and citation omitted).

As an initial matter, Patscheck contends the plain language of § 2253 does not require a COA to appeal the denial of his § 2241 petition. He cites no authority, and apparently ignores our holding to the contrary in *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). There, we held "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Id*. at 867 (quoting 28 U.S.C. § 2253(c)(1)(A)). The dismissal of Patscheck's petition is undoubtedly a final order and his detention is unquestionably the result of state action. Therefore, his argument is without merit.

We turn now to Patscheck's attempt to distinguish his claim from our holding in *Rael v. Williams*, *supra*. In *Rael*, an inmate at the Lea County facility claimed, *inter alia*, "that Lea County is not in the business of providing

-3-

correctional or jail services to government entities," and thus, provision of such services violated N.M. STAT. ANN. § 33-1-17(B) (Michie 1998 Repl. Pamp.) and infringed upon his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. *Rael*, 223 F.3d at 1154 (internal quotation omitted). Relying on *Montez*, 208 F.3d at 866 n. 4, we held the absence of a federal constitutional right to incarceration in any particular prison precluded Rael's federal claims. *Rael*, 223 F.3d at 1154 ("claim should be dismissed with prejudice; exhaustion of state court remedies is not required.").

Patscheck argues the district court's reliance on *Rael* was misplaced because 1) he has not failed to exhaust his state remedies; and 2) his incarceration is in an "illegal county jail," not a private facility. (Appellant's Br. at 2B.) First, Patscheck misunderstands the relevance of the exhaustion principle here. Exhaustion is not required. Thus, even if he has exhausted his state court remedies, his claim still fails. Second, his attempt to distinguish his claim because he characterizes the Lea County facility as "an illegal county jail" rather than a private facility is unavailing. The relationship between the State of New Mexico and the privately operated Lea County Correctional Facility does not change simply because Patscheck chooses a different characterization of that facility. The issue is well-settled. A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity. *Pischke v. Litscher,*

-4-

178 F.3d 497, 500 (7th Cir. 1999). The district court was correct to dismiss this claim on the merits.

We find no legal basis for Patscheck's claim and therefore **DENY** a COA and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge