Patrick C. LYNN, Petitioner–Appellant,

v.

Ray ROBERTS, Warden, El Dorado Correctional Facility; Phill Kline, Attorney General of Kansas, Respondents–Appellees.

No. 05–3470.

United States Court of Appeals, Tenth Circuit.

Sept. 1, 2006.

Patrick C. Lynn, El Dorado, KS, pro se.

Kristafer R. Ailslieger, Office of the Attorney General, State of Kansas, Topeka, KS, for Respondents–Appellees.

Before HENRY, ANDERSON, and McCONNELL, Circuit Judges.

### ORDER*

STEPHEN H. ANDERSON, Circuit Judge.

Patrick C. Lynn, a Kansas state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Lynn has not met the standard for a COA, and thus we DENY his application and DISMISS the appeal.

### I.

In 1996, Mr. Lynn was convicted of aggravated burglary, aggravated kidnaping, rape, and aggravated sodomy after a trial in Kansas state court. After his sentences were reversed by the Kansas Court of Appeals in his first direct appeal and the Kansas Supreme Court in a second direct appeal, in 2004 Mr. Lynn was resentenced to a term of imprisonment of 49 years and 8 months.

In his § 2254 petition, Mr. Lynn asserted four claims: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) newly discovered evidence that had been suppressed during his trial, and (4) errors by the trial court that violated his Sixth and Fourteenth Amendment rights. He later filed a more definite statement fleshing out his claims and adding claims of (5) trial court errors that violated the Kansas Constitution and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (6) judicial misconduct, and (7) trial court error in refusing to allow him to argue trial errors before his resentencing. Liberally construing his claims, the district court denied relief and denied a COA.

### II.

*Standards of Review*

A COA may issue only if the appellant makes "a substantial showing of the denial

---

* After examining the appellant's filings and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA standard requires a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotation omitted). Our COA analysis is limited to "an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

"We review the district court's legal analysis of the state court decision *de novo.*" *Bland v. Sirmons,* —— F.3d ——, No. 05–6013, 2006 WL 2171516, at *4 (10th Cir. Aug.3, 2006). For claims decided by the Kansas courts, Mr. Lynn "is entitled to federal habeas relief only if the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)). Claims that were presented to, but not decided by, the state courts are not constrained by the § 2254(d) standards. *See Sperry v. McKune,* 445 F.3d 1268, 1274–75 (10th Cir.2006). In such instance, we review questions of law de novo. *Id.* at 1275.

## COA Analysis

In his filings before this court, Mr. Lynn urgently requests that someone listen to his pleas and consider his arguments. We have done so, giving his issues careful and serious consideration. We also have reviewed two boxes of state court records and a box of district court records.[1] We conclude, however, that the arguments are not sufficient to meet the stringent standards for habeas relief.[2]

We disagree that the district court should have afforded Mr. Lynn an evidentiary hearing, allowed him to pursue discovery, and appointed him counsel; that it erred in refusing to order the production of state court records; and that it erred in refusing to transfer prior pleadings and exhibits. With the exception of three issues, we adopt the district court's thorough analysis and deny a COA for substantially the reasons expressed in the November 1, 2005 Memorandum and Order Denying Motion Under 28 U.S.C. § 2254.[3] The three exceptions are Mr.

---

1. Mr. Lynn complains the appellate record does not contain the entire state court record. We acknowledge the appellate record does not contain certain evidence and documents he references. We need not require the production of such items, however, because for purposes of our review, we have assumed Mr. Lynn's description of any missing item or document is true and accurate.

2. On appeal, Mr. Lynn also extensively complains about prison restrictions on paper, stamps, envelopes, copies and writing utensils. As the district court explained to Mr. Lynn, these types of conditions-of-confinement claims by state prisoners must be

brought in actions under 42 U.S.C. § 1983; they do not justify habeas relief. *See Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000).

3. To the extent that the district court failed to rule on Mr. Lynn's claim that he was denied the opportunity to present claims of trial error before resentencing, we note that Mr. Lynn's right to allocution at sentencing stems from Kan. Stat. Ann. §§ 22–3422 and 22–3424(e)(4). Federal habeas relief is not available for violations of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Lynn's *Brady* claims, trial error claims, and judicial misconduct claims. Finally, to the extent Mr. Lynn raises new issues on appeal, we do not consider them. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

■ In one part of its decision, the district court stated the *Brady* claims "would be procedurally barred in this Court because the Kansas state courts never addressed petitioner's *Brady* arguments." R. Doc. 77 at 28. In the next section, the court indicates that the *Brady* claims had never been *presented* to the state courts, not just that the state courts had never *decided* them. *Id.* at 29. It appears, however, that Mr. Lynn raised his *Brady* arguments before the state appellate court in his first direct appeal, albeit in his pro se reply brief.[4] As discussed above, a state court's decision not to address an issue does not preclude review; it merely affects the standard of review. Having undertaken a de novo review, we do not believe it is reasonably probable that pre-trial disclosure of the 5/16/96 surveillance videotape and the 5/16/96 mug shot would have led to a different result at Mr. Lynn's trial. *See Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

■ As for the trial error and judicial misconduct claims, the district court stated those claims could not be raised in a § 2254 proceeding because they had not been raised in the state courts. To the contrary, a procedural default can be overcome on habeas by showing cause and prejudice for failure to raise the defaulted claim or a fundamental miscarriage of justice. *See, e.g., House v. Bell,* —— U.S.

——, ——, 126 S.Ct. 2064, 2076, 165 L.Ed.2d 1 (2006); *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Ineffective assistance of counsel may be cause for a default, *see Edwards*, 529 U.S. at 451, 120 S.Ct. 1587, but we find no ineffective assistance. The claims lack merit, and thus counsel's failure to argue them was not deficient performance. *See Sperry*, 445 F.3d at 1275. For the same reason, we also find no fundamental miscarriage of justice would arise from a failure to address these claims.

Mr. Lynn's Affidavits of Events and Request for Out of Time Filing is GRANTED to the extent that his application for COA and opening brief are allowed to be filed. His Supplemental Arguments for Relief filed June 21, 2006 and Second Supplemental Arguments for Relief filed July 21, 2006 are allowed to the extent that the filings further explain his application for COA and opening brief. The motions for sanctions and further orders in those filings are DENIED. His February 8, 2006 letter, construed as a Motion for Recusal, and his Emergency Motion for Orders are DENIED. His Petition for Time Extension and Emergency Intervention Orders and Supplement to Rehearing/En Banc Request and Motion for Orders are DENIED as moot. Any other pending motions or requests are DENIED. Mr. Lynn's request for a certificate of appealability is DENIED, and the appeal is DISMISSED.

---

4. Mr. Lynn's *Brady* arguments appear to concern the non-production of a May 16, 1996 surveillance tape of proceedings at the police station after his arrest and a May 16, 1996 mug shot. To the extent he also claims that certain evidence about the victim and her medical reports was suppressed in violation of *Brady*, Mr. Lynn's own arguments show that such information was disclosed by the prosecution to defense counsel prior to trial, and thus *Brady* is not implicated.