**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK DURAY PORTLEY-EL,

Petitioner-Appellant,

v.

FRED FIGUEROA, Warden,

Respondent-Appellee.

No. 10-6009

(W.D. of Okla.)

(D.C. No. 5:09-CV-00593-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Patrick D. Portley-El, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2241 habeas petition. Having jurisdiction under 28 U.S.C. §§ 1291, 2253, we DENY Portley-El's request for a COA and DISMISS his appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I.  Background

In 2007, Portley-El was transferred from a state prison in Colorado to North Fork Correctional Facility (NFCF), a private prison in Oklahoma.  In December 2007, while still incarcerated at NFCF, Portley-El filed a habeas action in Oklahoma state court in which he named NFCF warden Fred Figueroa as respondent and alleged his confinement at the prison was illegal because his transfer was done pursuant to an invalid contract between the State of Colorado and NFCF's owners.  Portley-El also contended that by transferring him to NFCF illegally, Colorado waived jurisdiction over him and granted him a de facto pardon or commutation, making him eligible for immediate release.

Before the Oklahoma state courts ruled on his petition, Portley-El was transferred back to a Colorado state prison.  He then filed this habeas petition with the Western District of Oklahoma, again naming NFCF warden Fred Figueroa as respondent.  He argued that because the Oklahoma state courts had not ruled on his habeas petition, the federal district court should have removed the case and ordered his immediate release.  Alternatively, he seemed to argue that the Western District of Oklahoma should have taken upon itself to transfer his petition to a court with jurisdiction pursuant to 28 U.S.C. § 1631.  He argued such a transfer was in the interest of justice because Colorado transferred him to Oklahoma pursuant to an invalid contract and that by so doing, it relinquished its authority over him.

The district court dismissed the petition for want of jurisdiction and denied Portley-El's request to have the case transferred to a different district court.

## II. Discussion

A state petitioner may not appeal from a final order denying his or her § 2241 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). We will not issue a COA unless the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Portley-El has not made that showing. As the district court reasoned, Portley-El named Warden Figueroa as the sole respondent in his habeas petition, but Figueroa was not Portley-El's custodian at the time he filed the petition. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."). Because he is not Portley-El's custodian, Warden Figueroa is not a proper party to the habeas action. Further, Portley-El's custodian, the warden of the Colorado prison in which he was detained when he filed this habeas petition, is outside the territorial jurisdiction of the Western District of Oklahoma. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–495 (1973) (stating that habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian"). Thus, the district court properly dismissed the petition for

lack of jurisdiction, and that dismissal did not violate Portley-El's constitutional rights.

Though it is not entirely clear from the briefs, it seems Portley-El contends the district court should transfer his case to a federal court that has jurisdiction. Pursuant to 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction," it must transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if doing so "is in the interest of justice." *Id.* As the district court correctly noted, however, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quotations omitted).

We agree with the district court that Portley-El's claims are without merit, and a transfer is not in the interest of justice. First, we have recognized that "[n]either the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another." *Montez*, 208 F.3d at 865–66. Second, Portley-El's challenges based on the contract between Colorado and NFCF's owner are state law claims not cognizable in a § 2241 action challenging a prison transfer. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Thus, Portley-El's claim that his transfer to and confinement in a private prison in Oklahoma entitles him to immediate release fails to state a cognizable claim for

habeas relief under 28 U.S.C. § 2241.  Accordingly, Portley-El has not made a substantial showing of the denial of a constitutional right.

## III.  Conclusion

We DENY Portley-El's request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge