FILED
United States Court of Appeals
Tenth Circuit

May 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK R. ASHLEY,

      Petitioner - Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 15-1026
(D.C. No. 1:14-CV-00239-REB)
(D. Colorado)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

According to the State of Colorado, Mr. Mark Ashley threatened a
woman with a knife, ordered her to accompany him to an unlit area,
sexually assaulted her, and took $20 from her. Following a jury trial, Mr.
Ashley was convicted in state court of kidnapping, sexual assault, and
robbery. After appealing in state court, Mr. Ashley sought federal habeas
relief. The federal district court denied relief, and Mr. Ashley wants to
appeal the denial of habeas relief on grounds involving ineffective
assistance of counsel and failure to submit sentencing factors to the jury.

Concluding that all reasonable jurists would find these appeal points meritless, we dismiss the appeal.

## Request for a Certificate of Appealability

To appeal, Mr. Ashley needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). For the certificate, Mr. Ashley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). This showing exists only if reasonable jurists could characterize the district court's rulings as debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). We conclude the rulings are not reasonably debatable.

## I. Deference to the State Appellate Court's Legal Conclusions and Factual Findings

Colorado's highest court decided Mr. Ashley's claims on the merits. Thus, we must grant deference to the state appellate decision. The type of deference turns on the legal or factual nature of the claim.

On legal issues, we can address the merits only if the state appellate court's adjudication of the merits was contrary to or an erroneous application of clearly established federal law. 28 U.S.C. § 2254(d)(1) (2012). In applying this standard, we defer to the state court's decision so long as there is a possibility that fair-minded jurists might agree with the

2

state court's application of Supreme Court precedents. *Nevada v. Jackson*, __ U.S. __, 133 S. Ct. 1990, 1992 (2013) (per curiam).

On factual issues, we again exercise deference. For these issues, we can consider the merits only if the state appellate court made an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2) (2012). The state court's findings are presumptively correct, subject to rebuttal only if the contrary evidence is clear and convincing. 28 U.S.C. § 2254(e)(1) (2012).

## II. Ineffective Assistance of Counsel

Mr. Ashley alleges ineffective assistance of counsel, invoking the state and federal constitutions. The state claims cannot support a federal writ of habeas corpus. *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). On the federal claims involving ineffective assistance of counsel, Mr. Ashley needed to show that his trial counsel had been deficient and that this deficiency had resulted in prejudice. *United States v. Cruz*, 774 F.3d 1279, 1284 (10th Cir. 2014). Deficiency and prejudice involve mixed questions of fact and law. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). In addressing these questions, we conclude that no jurist could legitimately question the reasonableness of the state appellate court's application of Supreme Court precedent or determination of factual issues.

3

## A.    Trial Counsel

Mr. Ashley argues that his counsel (1) provided ineffective assistance because his counsel failed to communicate and had a conflict of interest, and (2) the trial court should have appointed new counsel. These claims are not reasonably debatable.

These claims require a showing of a "complete breakdown of communication." *See United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988) (explaining that for an ineffective assistance of counsel claim, "a complete breakdown in communication between an attorney and client" may give rise to a presumption of ineffectiveness); *United States v. Lott*, 310 F.3d 1231, 1250 (10th Cir. 2002) (after a total breakdown in communication, the failure to appoint new counsel may "constitute a denial of counsel in violation of the Sixth Amendment"). Mr. Ashley must (1) demonstrate that there was a "severe and pervasive conflict with his attorney," or (2) show evidence of "such minimal contact with the attorney that meaningful communication was not possible." *Id.* at 1249.

The Colorado Court of Appeals rejected the claims on factual grounds, concluding that there was not a complete breakdown in communication or a conflict of interest. R. at 265. These findings are

4

presumptively correct,[1] and Mr. Ashley has not presented any contrary evidence. Thus, no reasonable jurist could conclude that Mr. Ashley has rebutted the state court's findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (2012).

Mr. Ashley also claims that his attorney did not discuss trial strategy with him and "conced[ed] guilt without [his] knowledge or expressed consent." Appellant's Opening Br. at 3. The state district court rejected this claim, explaining that Mr. Ashley was not credible. Hr'g Post-Conv. App. at 68 (Dec. 3, 2010). The Colorado Court of Appeals upheld this ruling, reasoning that

- Mr. Ashley was not credible, and

- defense counsel had not conceded wrongful conduct until Mr. Ashley decided not to testify.

R. at 272-75.

Once Mr. Ashley decided not to testify, his attorney could reasonably decide to admit an attempt to commit a sexual assault. *See Lott v. Trammell*, 705 F.3d 1167, 1187 (10th Cir. 2013), *cert. denied*, __ U.S. __, 134 S. Ct. 176 (2013) (stating that counsel's concessions did not reflect deficient legal representation because the concessions boosted counsel's credibility); *Turrentine v. Mullin*, 390 F.3d 1181, 1207-09 (10th Cir. 2004) (counsel's concession of guilt did not reflect deficient representation

---

[1]     *See* 28 U.S.C. § 2254(e)(1) (2012).

5

because it preserved counsel's credibility at sentencing). By then, a forensic expert had matched DNA on the victim's underwear to Mr. Ashley and the victim had identified him as the rapist. Trial Tr. at 270, 376, 404. Thus, the attorney reasonably decided to concede that Mr. Ashley had attempted a sexual assault.

In these circumstances, any reasonable jurist would conclude that the Colorado Court of Appeals acted reasonably in rejecting the claim of ineffective assistance of trial counsel.

## B. Post-Conviction Counsel

In one sentence, Mr. Ashley argues that his post-conviction counsel was deficient by not having an expert testify at the hearing on his post-conviction application. Appellant Br. at 6. Mr. Ashley did not raise this argument in district court, and "we do not [ordinarily] address arguments presented for the first time on appeal." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). Even if we were to entertain this claim, however, it would fail because Mr. Ashley provides no explanation or support. Thus, the new claim is not reasonably debatable.

## III. Sentencing

Mr. Ashley also argues that his sentence was too harsh under the state and federal constitutions. He does not dispute that there was a preponderance of evidence to support the sentencing factors, but contends that they should have been submitted to a jury.

Reliance on the state constitution is misguided because habeas relief must be based on violation of a federal right rather than a state right. *See* p. 3, above.

The federal claim is also meritless. The Supreme Court stated in *Apprendi v. New Jersey* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). But *Apprendi* applies only when the sentencing factors would increase the statutory maximum. *United States v. Willis*, 476 F.3d 1121, 1131 n.3 (10th Cir. 2007).

Because the sentencing factors at issue did not increase the statutory maximum, *Apprendi* did not require jury findings. Thus, in reviewing the sentence, no jurist could legitimately question the reasonableness of the state appellate court's application of Supreme Court precedent or determination of factual issues.

### In Forma Pauperis

Mr. Ashley also seeks leave to proceed in forma pauperis. Because we have dismissed the appeal, the application for pauper status is dismissed on the ground of mootness. *See Johnson v. Keith*, 726 F.3d 1134,

1136 (10th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 172 (10th Cir. 2013).

Entered for the Court


Robert E. Bacharach
Circuit Judge