**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE JORDAN,

Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON; Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY;
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 00-2235

D.N.M.

(D.C. No. CIV-00-707)

_____

**ORDER AND JUDGMENT** [*]

_____

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. [**]

_____

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for decision on the briefs

(continued...)

Floyd Jordan, proceeding pro se, appeals the dismissal, without prejudice, of his habeas corpus action brought pursuant to 28 U.S.C. § 2241 for failure to exhaust state court remedies. Mr. Jordan challenges his incarceration in the Lea County Correctional Facility (LCCF), a privately-run prison facility in New Mexico, on the grounds that it violates both state law and his constitutional rights. Mr. Jordan claims he is a third-party beneficiary of the contract between the New Mexico Corrections Department (NMCD) and Lea County, as well as the contract between Lea County and Wackenhut Corrections Corporation (Wackenhut), the company that operates LCCF. He maintains his constitutional rights have been violated because Lea County and Wackenhut have breached these contracts by failing to ensure the proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff. Mr. Jordan alleges that the Defendants, Governor Gary Johnson, Secretary of Corrections Robert Perry, and the NMCD, therefore violated the terms of N.M. Stat. Ann. § 31-20-2(G) by failing to adequately comply with NMCD standards for housing inmates at LCCF. As a result, he alleges that he has suffered unspecified, but serious and irreparable harm. Mr. Jordan also claims that Lea County is not

**(...continued)
without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

"in the business of providing correctional or jail services to government entities."

Aplts' Br. Att. (b). Thus, he believes the Lea County contract to provide such

services violates N.M. Stat. Ann. § 33-1-17(B) and also infringes upon his rights

under the First, Eighth, and Fourteenth Amendments of the United States

Constitution. Finally, Mr. Jordan contends that Wackenhut engaged in fraud

through its contract, in violation of N.M. Stat. Ann. § 30-16-6, and that the acts of

all of the defendants constitutes a pattern of racketeering activity prohibited under

N.M. Stat. Ann. § 30-42-3(D).

Mr. Jordan filed a pro se petition in the New Mexico district court for writ

of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order vacating his

conviction and sentence and granting his unconditional release. The magistrate

judge issued a sua sponte show cause order for Mr. Jordan to explain why the

petition should not be dismissed for failure to exhaust state remedies. After

consideration of Mr. Jordan's response to the show cause order, the district court

dismissed the petition without prejudice. Mr. Jordan appealed. He also seeks a

certificate of appealability pursuant to 28 U.S.C. § 2253(c).

In Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000), this court

held that a habeas petition challenging a transfer to a privately run prison may be

cognizable under § 2241. We made clear that a state habeas petitioner is generally

required to exhaust state remedies when his action is brought under § 2241. See id.

at 866. The prisoner in that case had failed to exhaust his state remedies, but we nevertheless rejected his challenge on the merits, relying upon 28 U.S.C. § 2254(b)(2) as analogous authority.

We also held that a certificate of appealability is required for a § 2241 appeal. See id. at 866-69. To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. See 18 U.S.C. § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. See Slack v. McDaniel , 120 S. Ct. 1595, 1603-04 (2000). We conclude Mr. Jordan has failed to make this showing.

First, Mr. Jordan's state law claims are not cognizable in a federal habeas actions. See 28 U.S.C. § 2241(c)(3); Montez , 208 F.3d at 865. Further, to the extent Mr. Jordan challenges his transfer per se to a private facility pursuant to contract, such a claim is not cognizable under § 2241. See id. at 865-66; accord Rael v. Williams , 223 F.3d 1153, 1154 (10th Cir. 2000) (stating that fact that inmate is transferred to, or must reside in, a private prison, "simply does not raise a federal constitutional claim"). [1]

---

[1] We note that the district court did not have the benefit of our decisions in Montez and Rael, which we decided after the district court dismissed the petition.

Finally, to the extent Mr. Jordan raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to the federal courts in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999).

Accordingly, we DENY Mr. Jordan's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
United States Circuit Judge