**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

YSIDRO N. FLOREZ,

      Plaintiff - Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; ROBERT PERRY,
Secretary of Corrections; STATE OF
NEW MEXICO; NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 02-2131
(D.C. No. CIV-02-0228 BB/DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **BALDOCK** and **McCONNELL** , Circuit Judges. **

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Ysidro Florez, a prisoner of the State of New Mexico, appearing *pro se* and proceeding *in forma pauperis,* appeals the district court's *sua sponte* dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. In his principal brief, Appellant challenges the district court's dismissal of his claim that incarceration in a privately operated prison, the Lea County Correctional Facility, violates both state and federal constitutional law. In a supplemental filing,[1] Appellant challenges the district court's dismissal of three additional claims: that he was denied access to a law library in retaliation for his litigation against the State; that, independently of the retaliation claim, he was unconstitutionally denied access to a law library or other legal resources; and that prison authorities censored his mail. Acting *sua sponte*, and without calling for briefing from the defendants, the district court dismissed all four claims for failure to state a claim on which relief may be granted.

The district court dismissed Appellant's claim that his confinement in a private facility is unlawful on the ground that prisoners have no constitutionally protected interest in the nature of the institution in which they are confined. Op. 2. Appellant's claim of retaliation was dismissed for want of specific factual allegations. His claim of deprivation of a law library or legal assistance was

---

[1] We grant Appellant's motion to file a supplemental brief and treat it as part of his opening brief.

dismissed for lack of standing under *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because he did not allege any concrete injury as a result of the alleged violation. Op. 2-3. Finally, the district court dismissed his mail censorship claim on the ground that Appellant asserted no concrete injury, and that his claim "is squarely contradicted by the fact that Plaintiff's complaint was mailed to the Court." Op. 3.

For reasons stated below, we affirm the district court's decision. The district court's dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(ii) constitutes a prior occasion for purposes of § 1915(g) (counting *in forma pauperis* actions by prisoners which are dismissed as failing to state claim for relief).

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134 §§ 801-810, added section 1915(e)(2)(B) to Title 28 of the United States Code which, as amended, provides that when a plaintiff is proceeding *in forma pauperis*, the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Similarly, the PLRA added section 1997e to title 42 of the United States Code which, as amended, directs a district court, on its own motion, to dismiss any action filed by a prisoner under 42 U.S.C § 1983 with respect to prison conditions if the court is satisfied that the action is frivolous or malicious, or if it fails to state a claim upon which relief can be

granted.  42 U.S.C. § 1997e.  We review *de novo* dismissals for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). The district court correctly recognized that allegations in a *pro se* complaint must be "liberally construed." Op. 1, citing *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Although it does not affect the ultimate outcome of this case, the district court erred in failing to consider the question of jurisdiction before proceeding to the merits.  The defendants are the Governor, the Secretary of Corrections, and the Department of Corrections, in their official capacities.   In his Complaint, Appellant seeks compensatory damages of $500,000 "to pay for his illegal incarceration" and punitive damages of $100,000 "to keep the defendants from repeating such an act."  Pl. Complaint, App. at tab 1, at 6.  The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974)**.** Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.  *Will v. Michigan Department of State Police*,  491 U.S. 58, 71 (1989). "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [a plaintiff's] underlying . . .

claim." *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999); *see also Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001) (appellate court must address Eleventh Amendment issue before the merits, even if merits are more easily resolved than Eleventh Amendment issues). Accordingly, the district court should have dismissed these claims for want of jurisdiction under the Eleventh Amendment and §1983.

As the district court correctly noted, however, Appellant's complaint can be (liberally) construed as seeking equitable relief as well as money damages, at least on the claim that incarceration in a privately operated prison is unconstitutional.[2]  The Eleventh Amendment does not prohibit suits against state officials for prospective injunctive relief.   *Ex Parte Young*, 209 U.S.123, 159-60 (1908); *Thompson v. Colorado*, 278 F.3d 1020, 1024 (10th Cir. 2001).  On this claim, therefore, we reach the merits and affirm for substantially the reasons stated by the district court.

---

[2] Appellant's prayer for relief reads as follows:
Petitioner requests that the defendants be ordered to pay for his illegal incarceration: Punitive Damages in the amount of $100,000 (one-hundred thousand dollars), and Compensatory damages in the amount of $500,000 (five-hundred thousand dollars) to keep the defendants from repeating such an act, plus an additional eight (8) days for each day of incarceration in the Lea County Correctional Facility under the illegal contract and whatever else the court deems just and proper.
Pl. Complaint, App. at tab 1, at 6. The district court evidently interpreted the final words ("whatever else the court deems just and proper") as a prayer for equitable relief.

On several occasions, this Court has addressed the relationship between the State of New Mexico and the privately operated Lea County Correctional Facility. In each case we held that an inmate's incarceration in a private prison does not raise a federal constitutional claim. *See Rael v. Williams*, 232 F.3d 1153 (10th Cir. 2000) (denying inmates federal constitutional claim for being held in private prison); *Jordan v. Williams*, 4 Fed. Appx. 544 (10th Cir. 2001) (unpublished opinion) (same). A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity. *Poulos v. McKinna*, 210 F.3d 390 (10th Cir. 2000) (unpublished opinion) *citing Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). The issue is thus well settled, and the district court was correct to dismiss this claim on the merits.

The district court also properly dismissed Appellant's allegations concerning the Defendants' supposed violation of various contractual provisions and state laws, on the ground that § 1983 is reserved for allegations of federally protected rights. *Pitts v. Turner and Boisseau, Chartered*, 850 F.2d 650, 653 (10th Cir. 1988) (plaintiff must allege violation of federally protected right).

Appellant's remaining claims are subject to the same Eleventh Amendment bar already discussed. Moreover, it is not clear that he has raised a claim for equitable relief with respect to his remaining claims. The sole mention of "whatever [other relief] the court deems just and proper" was in connection with

his private prison claim. Pl. Complaint, App. at tab 1, at 6. Moreover, even if he had sought equitable relief on his other claims, he has not alleged any connection between *these defendants* and the supposed constitutional violations. If he was subjected to retaliation, deprived of access to a prison law library, or subject to mail censorship, it presumably would have been done by the prison warden or his staff – not by the Governor, the Secretary of Corrections, or the Department of Corrections. *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003) (under § 1983, defendant may not be held liable under a theory of *respondeat superior*; plaintiff must show affirmative link between constitutional deprivation and either the defendant's personal participation, his exercise of control or direction, or his failure to supervise). The district court could have dismissed these claims on these grounds. In the alternative, however, we affirm the decision below for substantially the reasons set forth by the district court.

To bring a successful retaliation claim, a plaintiff must "allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (emphasis added); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Appellant's contention that the State of New Mexico retaliated against him personally for filing litigation against the State, by closing all law libraries in the State (App. at

tab 1, p. 3b), not only contains no specific allegations of fact, but is facially absurd. Therefore, the district court properly dismissed the claim.

Insofar as Appellant claims that his constitutional right (independent of the retaliation claim) to access to the courts was impaired by denial of access to a law library, we agree with the district court that this claim must be dismissed for want of "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis*, the Supreme Court held that an "inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Rather, the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id.* Appellant alleged no facts in his complaint that would support such a showing. He identified no legal proceeding in which he was involved, or how the supposed lack of legal research materials might have affected it.[3]

---

[3] In his supplemental filings on appeal Florez asserts that he suffered actual injury because "his petition for writ of habeas . . . was dismissed 'with prejudice'" (App. Supplemental Brief at p.3). This statement is conclusory and does not reveal the factual basis on which he claims that denial of library access impeded his otherwise successful prosecution of the habeas petition. Additionally, we note that allegation was not made in district court. In reviewing judgments of

(continued...)

The district court's disposition of Appellant's mail censorship claim gives us somewhat more pause. "Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir, 1996) *citing Procunier v. Martinez*, 416 U.S. 396, 408 (1974). Under *Martinez*, limitations on a prisoner's First Amendment rights in his outgoing mail "must further an important or substantial governmental interest unrelated to the suppression of expression [and] . . . must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* at 195.

The district court dismissed the mail censorship claim on two grounds. First, it held that "this allegation asserts no 'relevant-actual injury.'" Op. 3, *quoting Lewis*, 518 U.S. at 351. Second, it held that the claim "is squarely contradicted by the fact that Plaintiff's complaint was mailed to the Court." Op. 3. Neither of these is a sufficient reason to dismiss the complaint. Unlike the right of access to a prison library asserted in *Lewis*, which is purely instrumental, the First Amendment right to send and receive mail is a personal constitutional right.

---

[3](...continued)
dismissal, this Court examines only the allegations made in the complaint and ignores allegations raised for the first time in appellate briefs. *See Smith v. Plati*, 258 F.3d 1167, 1172 (10th. Cir. 2001).

Censorship of a prisoner's mail, if not adequately justified, states a constitutional claim even without linkage to further consequences. And we cannot understand why "the fact that Plaintiff's complaint was mailed to the Court" is inconsistent with Appellant's allegation that his mail is being censored. To "censor" means merely that the mail is subject to examination and control by the authorities, not that each and every piece of mail is blocked. WEBSTER'S THIRD INTERNATIONAL DICTIONARY 361 (1976).

Nonetheless, the district court was correct to dismiss this claim. Appellant made no specific factual allegations in supporting the censorship claim. He does not state when the censorship began, who engaged in the censorship, for what purpose, or to what extent. He does not allege that any particular piece of mail was censored. He does not allege any connection between the defendants and the alleged mail censorship. His one-sentence claim that the prison "is now censoring all mail" is simply too vague and conclusory to state a claim for relief against these defendants, and "we will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). *See also Northington v. Jackson*, 973 F.2d 1518,1521 (10th Cir. 1992) (noting that even though pro se pleadings are liberally construed, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague

and conclusory allegations"); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (liberal construction of *pro se* complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.").

Accordingly we AFFIRM the decision of the district court.

ENTERED FOR THE COURT


Michael W. McConnell
Circuit Judge